IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ONEIL ALLEN, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 02-CV-3663 |
| v. : | |
| : | |
| BEST FOODS BAKING COMPANY : | |
| F/k/a, d/b/a, and/or t/a : | |
| Entenmann's Inc. : | |
| : | |
| & : | |
| : | |
| Nicholas DeVirgiliis, Individually : | |
| & in His Official Capacity as : | |
| Division Sales Manager for : | |
| BEST FOODS BAKING COMPANY : | |
| F/k/a, d/b/a, and/or t/a : | |
| Entenmann's Inc. : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**I.   INTRODUCTION**

Oneil Allen, the Plaintiff in this action, alleges that Defendants Best Foods Baking Company ("Best Foods") and Nicholas DeVirgiliis discriminated against him because of his race and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et. seq. (Count I), Titles I and II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et. seq. (Count II), the Rehabilitation Act of 1973, 29 U.S.C. § 794 et. seq. (Count II), and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955(a) (Counts I and II).  Additionally, Allen purports to assert a claim for intentional infliction of emotional distress against both Defendants.

Allen's claims under Title VII, Title I of the ADA, the Rehabilitation Act and the PHRA, should be dismissed because Allen failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Pennsylvania Human Relations Commission ("PHRC"). His claim under Title II of the ADA should be dismissed because neither Best Foods nor Mr. DeVirgiliis is a public entity. Additionally, each of Allen's statutory claims against Mr. DeVirgiliis should be dismissed because Mr. DeVirgiliis is not an "employer" subject to liability within the meaning of any of those statutes. Finally, Allen's claim for intentional infliction of emotional distress should be dismissed because it is barred by the Pennsylvania Worker's Compensation Act and, even assuming _arguendo_, that it were not barred, fails to state a claim under Pennsylvania law.

## II.   FACTUAL ALLEGATIONS[1]

In 1997, Best Foods hired Plaintiff, Oneil Allen, to work as a Route Sales Representative. (Compl. ¶ 20.) The route that Plaintiff was assigned involved driving in excess of four to six hours a day. (Id. at ¶ 22.) Due to symptoms from his multiple sclerosis and medication he was taking, Plaintiff caused a number of motor vehicle accidents while driving his Company vehicle on duty. (Id. at ¶ 26.) At some point, Plaintiff and his doctor informed Best Foods of his multiple sclerosis. (Id. at ¶ 27.) In October 1999, due to his disability and fear of causing additional accidents, Plaintiff bid on a non-driving position called "Rack Loader" but was not given the position. (Id. at ¶¶ 28-29.) Upon return from a vacation on November 8, 1999, Defendants placed Plaintiff

---

[1]   For the purpose of this Motion only, Defendants do not contest the Complaint's factual allegations. Fed. R. Civ. P. 12(b)(6).

on short-term disability.  (Id. at ¶ 32.)  Defendant DeVirgiliis sent a letter to Plaintiff on or about November 15, 1999[2] requesting suggestions for how Best Foods could reasonably accommodate him.  (Id. at ¶ 33.)  Plaintiff requested that Best Foods provide him with a "jumper" so the jumper could do some of the driving for Plaintiff and he could continue as a Route Sales Representative.  (Id. at ¶¶ 34-35.)  In a letter dated January 7, 2000, Defendants refused to hire a jumper as a reasonable accommodation for Plaintiff's disability.  (Id. at ¶ 38.)

### III.  ARGUMENT

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court must accept the Complaint's allegations as true and view them in the light most favorable to Plaintiff.  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  The liberal interpretation to be afforded Plaintiff's Complaint does not translate, however, into immunity from dismissal.  Rather, if it appears from the face of the Complaint that Plaintiff can prove no set of facts which would entitle him to relief, the court should dismiss his claims.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Indeed, the purpose of Rule 12(b)(6) is to streamline litigation by "dispensing with needless discovery and factfinding."  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

    **A.  Plaintiff did not file a timely charge with the EEOC or PHRC and his claims under Title VII, Title I of the ADA, the Rehabilitation Act and the PHRA should be dismissed.**

A plaintiff may only proceed in court for redress of alleged violations of Title VII, Title I of the ADA, the Rehabilitation Act and the PHRA provided that he has timely

---

[2]  Paragraphs 31 and 33 incorrectly, albeit inadvertently, note the year as "2000" where the year should read "1999."

complied with statutorily mandated administrative requirements. Burgh v. Borough Council of Montrose, 251 F.3d 465, 469 (3d Cir. 2001) (both Title VII and the PHRA "establish administrative remedies and procedures that claimants must exhaust prior to bringing a civil action in court."); Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) ("It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."); Spence v. Straw, 54 F.3d 196 (3d Cir. 1995) (plaintiff must timely exhaust administrative remedies under Title VII as pre-condition to filing suit under Rehabilitation Act); Weber v. Henderson, No. 99-CV-2763, 2001 U.S. Dist. LEXIS 2996 (E.D. Pa. Mar. 21, 2001) (failure to timely exhaust Title VII administrative remedies is grounds for dismissal for failure to state a claim under Rehabilitation Act and Title VII); Deily v. Waste Management of Allentown, 118 F. Supp. 2d 539, 541 (E.D. Pa. 2000) (ADA, like Title VII, requires that administrative remedies must be timely exhausted before proceeding in court).

Administrative complaints under the PHRA must be filed within 180 days of the alleged discrimination while, in Pennsylvania, charges under Title VII and Title I of the ADA must be filed within 300 days of the alleged discrimination. 43 P.S. § 959(g); 42 U.S.C. § 2000e-5(e)(1). See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994) ("Title VII, like the PHRA, allows a plaintiff to bring suit within 180 days after the alleged act of discrimination; however if the plaintiff initially filed a complaint with a state or local agency with authority to adjudicate the claim, he or she is allotted 300 days from the date of the alleged discrimination . . . ."). Failure to meet these statutory charge-filing requirements bars a subsequent lawsuit based on the alleged underlying discrimination. Grosset v. Waste Mgmt., Inc., 31 Fed. Appx. 55 (3d

Cir. 2002) (affirming dismissal of ADA claim where EEOC charge not timely filed); Watson v. Eastman Kodak Co., 235 F.3d 851 (3d Cir. 2000) (discrimination claim under Title VII barred because plaintiff failed timely to file administrative claims); Peter v. Lincoln Tech. Inst., No. 01-5949, 2002 U.S. Dist. LEXIS 17345 (E.D. Pa. Aug. 30, 2002) (dismissing both ADA and PHRA claims as time-barred for failure to meet administrative filing requirements); Weber, 2001 U.S. Dist. LEXIS 2996 (dismissing Rehabilitation Act claim because plaintiff failed to file administrative charge within required time period); Deily, 118 F. Supp. 2d at 543 (dismissing plaintiff's PHRA claim because it was not filed within 180 days of the last discriminatory act).

Here, it is clear from both the EEOC charge, attached hereto as Exhibit "A," and the Complaint that the most recent "unlawful employment practice" of which Plaintiff complains is Best Foods' January 7, 2000 denial of Plaintiff's request for a jumper as a reasonable accommodation. (See also Comp. at ¶¶28-46; January 7, 2000 letter attached hereto as Exhibit B.")[3] Thus, the 180/300-day time limit for filing discrimination charges with the PHRC or EEOC began to run in this case on January 7, 2000. Plaintiff did not file his charge with the EEOC until September 18, 2001--over twenty months after the

---

[3] A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). When a complaint relies on a document, the plaintiff is obviously on notice of the contents of the document and the need to change the motion into a summary judgment motion so plaintiff can have a chance to refute evidence is greatly diminished. Id. at 1196-97. See also Oshiver, 38 F.3d at 1385 n.2 (for a 12(b)(6) motion, court focuses on pleadings and also considers "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."); Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 780-81 (W.D. Pa. 2000) (when deciding motion to dismiss, court (continued).

alleged discrimination and well beyond the 300-day time limit (See Exhibit "A"). Accordingly, Plaintiff's race and disability discrimination claims under Title VII, Title I of the ADA, the Rehabilitation Act, and the PHRA are barred and should be dismissed with prejudice.

> **B. Plaintiff's claims under Title II of the ADA should be dismissed because neither Best Foods not Mr. DeVirgiliis is a public entity.**

Title II of the ADA provides, in Section 12132, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a **public entity**, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). Title II defines "public entity" as

> A) any state or local government;
>
> B) any department, agency, special purpose district, or other instrumentality of a state or states or local government; and
>
> C) the National Railroad Passenger Corporation, and any commuter authority.

Id. at § 12131.

Here, neither Best Foods nor Mr. DeVirgiliis is a public entity under Title II of the ADA and; therefore, Plaintiff's claim against them under Title II should be dismissed with prejudice.

---

> may review the text of documents explicitly relied on or integral to the complaint despite plaintiff's failure to attach the documents to complaint).

**C.  Plaintiff's discrimination claims against Mr. DeVirgiliis should be dismissed because Mr. DeVirgiliis is not an "employer" within the meaning of Title VII, the ADA, the Rehabilitation Act, or the PHRA.**

It is well settled that individual supervisors are not "employers" within the meaning of Title VII, the ADA, the Rehabilitation Act or the PHRA.  See, e.g., Koslow v. Pennsylvania, 302 F.3d 161, 177 (3d Cir. 2002) ("there appears to be no individual liability under Title I of the ADA"); Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (Rehabilitation Act and ADA generally are interpreted consistently and, because individual defendants did not receive federal aid, plaintiff did not state a claim against them under the Rehabilitation Act); Sheridan v. E. I. DuPont de Nemours, 100 F.3d 1061, 1078 (3d. Cir. 1996) (en banc) (Congress did not intend to hold individual employees liable under Title VII); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996) (as in the employment discrimination provisions of Title VII, the definition of an employer under the PHRA cannot be construed to include "employees"); Fitzpatrick v. Pennsylvania, 40 F. Supp. 2d 631, 638 (E.D. Pa. 1999) (joining "numerous courts that have ruled that the Rehabilitation Act does not provide for individual liability" and stating that to hold that "the Rehabilitation Act allows individual liability would be inconsistent with the Third Circuit's holdings that Title VII does not provide for individual liability and that the Rehabilitation Act, the ADA, and Title VII should be interpreted similarly in employment discrimination cases.")

Mr. DeVirgiliis, as an individual, is not an employer within the meaning of Title VII, the ADA, the Rehabilitation Act or the PHRA. To the extent Plaintiff purports to assert such claims against Mr. DeVirgiliis in Counts I and II of the Complaint, those claims should be dismissed with prejudice.

      **D.**      **Plaintiff's claim for intentional infliction of emotional distress fails to state a claim upon which relief can be granted.**

In Count III of his Complaint, Plaintiff purports to state a claim against Defendants for intentional infliction of emotional distress. Not only is this claim barred by the Pennsylvania Worker's Compensation Act, 77 P.S. § 1 et seq., ("PWCA"), but it also fails to aver actions by Defendants that constitute the outrageous conduct required under Pennsylvania law to support such a claim.

      **1.**      **The Pennsylvania Worker's Compensation Act bars Plaintiff's claim for intentional infliction of emotional distress**

In Pennsylvania, the PWCA is an employer's exclusive source of liability for injuries to an employee arising in the course of the employee's employment.[4] Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997); Dugan v. Bell Tel. of Pa., 876 F. Supp. 713, 723 (W.D. Pa. 1994). Even intentional torts committed by an employer during the course of employment fall within the PWCA's exclusive coverage. Poyser v. Newman & Co., Inc., 514 Pa. 32, 39, 522 A.2d 548, 551 (1987) (exclusivity principle applies to intentional tort claims). The PWCA also bars tort claims against supervisors or co-workers who cause injury in the course of carrying out their employment duties. See Snyder v. Specialty Gas Products, Inc., 441 Pa. Super. 613, 629, 658 A.2d 366, 374 (1995) (intentional infliction of emotional distress claim against

---

[4]    The PWCA's exclusivity provision provides in relevant part:
> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death. 77 P.S. § 481(a).

supervisors who reprimanded the plaintiff, threatened to discharge him, and demoted him was barred by the PWCA).

Applying these legal standards, courts uniformly preclude employees from asserting infliction of emotional distress claims against their employer based on conduct that occurred during the course of employment. Hicks v. Arthur, 843 F. Supp. 949, 958 (E.D. Pa. 1994); Gilmore v. Manpower, Inc., 789 F. Supp. 197, 198 (W.D. Pa. 1992); Santiago v. Pennsylvania Nat'l Mut. Casualty Ins. Co., 418 Pa. Super. 178, 613 A.2d 1235 (1992); Shaffer v. Proctor & Gamble, 412 Pa. Super. 630, 637, 604 A.2d 289, 292 (1992) (holding that even where alleged facts were "appalling," claims are nonetheless precluded if acts complained of are "job related"), appeal denied mem., 532 Pa. 665, 616 A.2d 986 (1992).

Plaintiff's intentional infliction claim is based solely on the "extreme emotional distress" he allegedly suffered when Defendants denied him the job accommodations he requested. The PWCA provides the exclusive remedy for such conduct. Accordingly, Count III of the Complaint should be dismissed.

> 2. **Defendants' actions do not constitute the kind of extreme conduct required to state an intentional infliction of emotional distress claim under Pennsylvania law.**

Even assuming, arguendo, that Count III were not preempted by the PWCA, Defendants' actions toward Plaintiff as alleged in the Complaint do not come close to the kind of extreme conduct required to state an intentional infliction of emotional distress claim under Pennsylvania law. In Pennsylvania, only conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society" can support a

9

claim for intentional infliction of emotional distress. <u>Hoy v. Angelone</u>, 554 Pa. 134, 151, 720 A.2d 745, 754 (1998); <u>Heywood v. Cruzan Motors, Inc.</u>, 792 F.2d 367, 371-72 (3d Cir. 1986). This is an extremely stringent standard which rarely, if ever, is met in the employment context. <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1487 (3d Cir. 1990). In affirming a directed verdict against plaintiff for a claim of intentional infliction of emotional distress, the court in <u>Cox v. Keystone Carbon Co.</u>, 861 F.2d 390, 395 (3d Cir. 1988) stated that it is "extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." The court also stated that while "loss of employment is unfortunate and unquestionably causes hardship, often severe, it is a common event and cannot provide a basis for recovery for intentional infliction of emotional distress." <u>Id.</u>

The facts alleged by Plaintiff here simply do not, as a matter of law, constitute conduct "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Kazatsky v. King David Mem. Park</u>, 515 Pa. 183, 191, 527 A.2d 988, 991 (1987). By way of illustration, in his dissent in <u>Hoy</u>, Justice Nigro detailed some of the alleged conduct that the majority concluded did <u>not</u> state a claim for intentional infliction of emotional distress. This included allegations that the plaintiff's supervisor regularly called the plaintiff "a f***ing c***, a f***ing p****, and a b****," propositioned her for sex, and left inappropriate pictures for her in the workplace. 720 A.2d at 756. When the plaintiff complained about the conduct, her supervisor simply laughed at her. <u>Id.</u> If that type of

---

conduct is insufficient to state a claim for intentional infliction of emotional distress under Pennsylvania law, then the conduct alleged in Plaintiff's Complaint is patently insufficient. As a matter of law, therefore, Plaintiff has failed to state a viable claim for intentional infliction of emotional distress against Defendants and his intentional infliction of emotional distress claim should be dismissed with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion and dismiss with prejudice all Counts in the complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

_____

| | |
|---|---|
| Of Counsel:<br>MORGAN, LEWIS & BOCKIUS LLP | EDWARD S. MAZUREK (PA I.D. No. 50278)<br>1701 Market Street<br>Philadelphia, PA  19103<br>(215) 963-5019<br>Attorney for Defendants Best Foods Baking Co.<br>and Nicholas DeVirgiliis |

Dated:  November 14, 2002