IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ONEIL ALLEN,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>BEST FOODS BAKING COMPANY<br>F/k/a, d/b/a, and/or t/a<br>Entenmann's Inc.<br><br>　　　&<br><br>Nicholas DeVirgiliis, Individually<br>& in His Official Capacity as<br>Division Sales Manager for<br>BEST FOODS BAKING COMPANY<br>F/k/a, d/b/a, and/or t/a<br>Entenmann's Inc.<br><br>　　　　　　Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 02-CV-3663<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT**

**I.　　INTRODUCTION**

Oneil Allen, the Plaintiff in this action, alleged in his original complaint that Defendants Best Foods Baking Company ("Best Foods") and Nicholas DeVirgiliis discriminated against him because of his race and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et. seq., Titles I and II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et. seq., the Rehabilitation Act of 1973, 29 U.S.C. § 794 et. seq., and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955(a).  Additionally, Allen asserted a claim for intentional infliction of emotional distress against both Defendants.

By Order dated April 23, 2003, this Court dismissed with prejudice Plaintiff's claim under Title II of the ADA against Defendant Best Foods and Plaintiff's claims under Titles I and II of the ADA, Title VII, and the Rehabilitation Act against Defendant DeVirgiliis. The Court also dismissed without prejudice all of the other claims against Best Foods because of Plaintiff's failure to file a timely charge of discrimination with the EEOC or PHRC, and granted Plaintiff leave to file an Amended Complaint to establish the applicability of the continuing violation theory to his race and disability discrimination claims. The Court also dismissed without prejudice Plaintiff's discrimination claims against Defendant DeVirgiliis under the PHRA but granted Plaintiff leave to file an Amended Complaint to establish an aiding and abetting claim under § 5(e) of the PHRA. Finally, Plaintiff's intentional infliction of emotional distress claim against both Defendants was dismissed without prejudice, and the Court granted Plaintiff leave to file an Amended Complaint to establish the applicability of the personal animus exception of the Pennsylvania Worker's Compensation Act.

In Counts I and II of his Amended Complaint, Plaintiff purports to reassert his claims for race and disability discrimination under Title VII, the ADA, the Rehabilitation Act, and the PHRA against both Defendants, but again is unable to plead facts sufficient to support his claims. In Counts I and II, Plaintiff simply ignores the fact that this Court already dismissed his Tile VII, ADA and Rehabilitation Act claims against DeVirgiliis **with prejudice**. He also ignores the fact the Court already dismissed **with prejudice** his claim against Best Foods under Title II of the ADA. Having already been dismissed with prejudice, those claims are not addressed below.

Furthermore, Plaintiff does **not** allege in his Amended Complaint that DeVirgiliis aided and abetted discrimination in violation of Section 5(e) of the PHRA and so his claims against DeVirgiliis under the PHRA should now be dismissed with prejudice, having once already been dismissed without prejudice.

Additionally, Plaintiff fails to plead facts in his Amended Complaint establishing that Best Foods is a government contractor sufficient to subject it to the applicability of the Rehabilitation Act. Accordingly, Plaintiff's claim against Best Foods under the Rehabilitation Act should be dismissed with prejudice.

Likewise, Plaintiff has failed to plead facts establishing that he filed a timely charge of race or disability discrimination with the EEOC or PHRC, and so his claims under Title VII, the ADA, the Rehabilitation Act and the PHRC should be dismissed with prejudice.

Plaintiff also fails to plead facts establishing the personal animus exception of the Pennsylvania Worker's Compensation Act. Therefore, Count III of Plaintiff's Amended Complaint for intentional infliction of emotional distress should be dismissed with prejudice.

## II.    FACTUAL ALLEGATIONS[1]

In 1997, Best Foods hired Plaintiff, Oneil Allen, to work as a Route Sales Representative. (Am. Compl. ¶ 20.) The route that Plaintiff was assigned involved driving in excess of four to six hours a day. (Id. ¶ 23.) Due to symptoms from his multiple sclerosis and medication he was taking, Plaintiff caused a number of motor

---

[1] For the purpose of this Motion only, Defendants do not contest the allegations put forth in this section as stated in Plaintiff's Amended Complaint.

vehicle accidents while driving his Company vehicle on duty. (Id. ¶ 27.) At some point, Plaintiff and his doctor informed Best Foods of his multiple sclerosis. (Id. ¶ 28.) In October 1999, due to his disability and fear of causing additional accidents, Plaintiff bid on a non-driving position called "Rack Loader" but was not given the position. (Id. ¶¶ 29-30.) Upon return from a vacation on November 8, 1999, Defendants placed Plaintiff on short-term disability and Plaintiff has been out of the workplace ever since. (Id. ¶ 33.) Defendant DeVirgiliis sent a letter to Plaintiff on or about November 15, 1999 requesting suggestions for how Best Foods could reasonably accommodate him. (Id. ¶ 34.) Plaintiff requested that Best Foods provide him with a "jumper" so the jumper could do some of the driving for Plaintiff and he could continue as a Route Sales Representative. (Id. ¶¶ 35-36.) In a letter dated January 7, 2000, Defendants refused to hire a jumper as a reasonable accommodation for Plaintiff's disability. (Id. ¶ 39).

### III.   ARGUMENT

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court must accept the Complaint's allegations as true and view them in the light most favorable to Plaintiff. Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991). The liberal interpretation to be afforded Plaintiff's Complaint does not translate, however, into immunity from dismissal. Rather, if it appears from the face of the Complaint that Plaintiff can prove no set of facts which would entitle him to relief, the court should dismiss his claims. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Indeed, the purpose of Rule 12(b)(6) is to streamline litigation by "dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

A. **Plaintiff's claims under Title VII, Title I of the ADA, the Rehabilitation Act and the PHRA should be dismissed for failure to exhaust administrative remedies.**

A plaintiff may only proceed in court for redress of alleged violations of Title VII, Title I of the ADA, the Rehabilitation Act and the PHRA provided that he has timely complied with statutorily mandated administrative requirements. Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) ("It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief.")

Administrative complaints under the PHRA must be filed within 180 days of the alleged discrimination while, in Pennsylvania, charges under Title VII and Title I of the ADA must be filed within 300 days of the alleged discrimination. 43 P.S. § 959(g); 42 U.S.C. § 2000e-5(e)(1).

In both the EEOC charge and the original Complaint, it is clear that the most recent "unlawful employment practice" of which Plaintiff complains is Best Foods' January 7, 2000 denial of Plaintiff's request for a jumper as a reasonable accommodation. Thus, the 180/300-day time limit for filing discrimination charges with the PHRC or EEOC began to run in this case on January 7, 2000. Plaintiff did not file his charge with the EEOC until September 18, 2001--over twenty months after the alleged discrimination and well beyond the 300-day time limit. (See Exhibit "A").

Plaintiff now attempts to cure his defective Complaint by purporting to rely on a continuing violation theory. Plaintiff's attempt is unavailing.

### 1. Plaintiff failed to allege a continuing violation in his EEOC charge and his claim based on that theory should consequently be dismissed.

In its April 23 Memorandum, the Court gave Plaintiff leave to attempt to establish the applicability of the continuing violation theory to save his discrimination claims. Plaintiff failed to do so. At the outset, Plaintiff never alleged a continuing violation in his EEOC charge. Because he failed to allege a continuing violation in his EEOC charge, he is foreclosed from pursuing such a claim in Court. Hall v. Tribo Construction Co., Inc., No. 00-1194, 2001 U.S. Dist. LEXIS 11175, at *30 (W.D. Pa. Mar. 28, 2001); Williams v. Home Depot, U.S.A., Inc., No. 98-CV-3712, 1999 U.S. Dist. LEXIS 15250, *16-*17 (E.D. Pa. Oct. 5, 1999) ("to invoke the continuing violations theory in an employment discrimination case, the doctrine must be clearly pled in both the administrative filing and the complaint.") Hopson v. Dollar Bank, 994 F. Supp. 332, 337-38 (W.D. Pa. 1997) (holding that failure to mention application of the continuing violation theory in the administrative filing and the complaint served as an independent basis for entering summary judgment in favor of defendant).

Accordingly, Plaintiff's race and disability discrimination claims should be dismissed.

### 2. Plaintiff fails to allege that a discriminatory act occurred within the 300 days of filing his charge with the EEOC.

As the Court quoted in its April 23 Memorandum at 7, a plaintiff seeking to invoke the continuing violation theory "must demonstrate that at least one act occurred within the filing period . . .." (citations omitted). In the Amended Complaint, the Plaintiff references no alleged discriminatory activity in the 180 or 300 days prior to the September 18, 2001 charge. He merely states that "[b]eginning with the end of 2000

6

until 2003, defendants did not inform plaintiff of the availability of any non-driving positions for which he could work safely with similar pay, despite this being the normal practice of both defendants." (Am. Compl. at ¶52.) This is the only paragraph in the Amended Complaint that even barely touches on the relevant time period. There is no indication of any discriminatory acts directed towards plaintiff "beginning with the end of 2000" and continuing until the filing of his charge on September 18, 2001, the 300-day period, just simply a statement that defendants "did not inform plaintiff of the availability of any non-driving positions."

In fact, the only two instances of purported discrimination that arose during the period "end of 2000 until 2003" were apparently at the end of 2001 and in 2002 when Plaintiff "became aware" of positions for which he did not apply. (Am. Compl. ¶¶53-56) Since he chose not to apply for these positions, it is not surprising that he was not considered, much less awarded, any of these positions. Moreover, however, these alleged acts of discrimination occurred <u>after</u> the filing of his charge and no new charge was ever filed concerning these incidents. These alleged incidents are clearly outside the permissible scope of this action and fail to satisfy the court's directive to make "specific allegations . . . so that the court may determine whether Plaintiff has sufficiently alleged that at least one act of discrimination occurred within the 180 or 300 days **prior** to the filing of Plaintiff's EEOC charge on September 18, 2001." April 23, 2003, Memorandum at 9 (emphasis added).

Plaintiff has failed to allege an act of discrimination within the relevant time period and his claims must fall for failure to exhaust administrative remedies.

**B.    Plaintiff's claim for intentional infliction of emotional distress fails to satisfy the personal animus exception of the Pennsylvania Worker's Compensation Act.**

By leave of this Court, Plaintiff was permitted to make allegations, if possible, to support the notion that Plaintiff's claim for intentional infliction of emotional distress falls within the personal animus exception of the Pennsylvania Worker's Compensation Act (PWCA). Plaintiff fails to assert a claim under this exception.

The personal animus section of the PWCA states that

> the term "injury arising in the course of his employment" as used in this article shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment.

77 P.S. § 411(1).

In order to make a valid claim against an employer, an employee must assert that his injuries are not work-related because he was injured by a co-worker for purely personal reasons. Ostar v. WIPC, LLC, No. 01-4184, 2003 U.S. Dist. LEXIS 4678 (E.D. Pa. Mar. 13, 2003); Abbott v. Anchor Glass Container Corp., 758 A.2d 1219, 1224 (Pa. Super. 2000). The personal animus exception requires conduct that is not normally expected to be present in the workplace. Hettler v. Zany Brainy, Inc., No. 99-3879, 2000 U.S. Dist. LEXIS 14537 (E.D. Pa. Sept. 27, 2000).

Indeed, courts have rejected the personal animus exception in cases where the injury arises out of the work place and employment situation. See, e.g., McInerney, 244 F. Supp. 2d at 401 (personal animus exception did not apply where disabled employee suffered "bad behavior" related to work place issues such as parking, discourtesy, interoffice communications, and work assignments); Koontz v. USX Corp., No. 99-3191, 2001 U.S. Dist. LEXIS 9319 (E.D. Pa. July 2, 2001) (plaintiffs did not plead or

8

present any evidence to show that defendants' managers engaged in retaliatory conduct against workers participating in a grievance committee for personal, rather than, work related reasons); Abbott, 758 A.2d at 1219 (no personal animus where shooting and killing supervisors arose out of a work-related dispute that occurred on the day of employee's rampage and there was a lack of evidence regarding any pre-existing animosity); Hammerstein v. Lindsay, 655 A.2d 597 (Pa. Super. 1995) (secretary's action against doctor and hospital did not fall within personal animus exception because doctor's insults towards her, including calling her worthless; a rude, incompetent bitch; and telling colleagues she had a personality disorder arose out of the employment situation).

      Here, Plaintiff fails to allege any action or activity on the parts of Best Foods or Mr. DeVirgiliis that could rise to the level of personal animus against Plaintiff. There are no specific allegations that Mr. DeVirgiliis or anyone at Best Foods, for purely personal reasons, committed any adverse acts against Mr. Allen. Plaintiff merely states that "both defendants acted with reckless disregard of the plaintiff's constitutional rights." (Am. Compl. ¶83.) As this Court stated in its April 23 Memorandum, "there are no allegations that Plaintiff's injury resulted from an intentional act, that the act is not one that would normally be expected in the workplace, or that Defendant DeVirgiliis was motivated by personal animus." The Court's observation is equally applicable to Plaintiff's Amended Complaint. Accordingly, Plaintiff's claim for intentional infliction of emotional distress should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion and dismiss with prejudice all Counts in the complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

_____
EDWARD S. MAZUREK (PA I.D. No. 50278)
1701 Market Street
Philadelphia, PA  19103
(215) 963-5019
Attorney for Defendants Best Foods Baking Co. and Nicholas DeVirgiliis

Of Counsel:
MORGAN, LEWIS & BOCKIUS, LLP

Dated:  June 4, 2003