IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ONEIL ALLEN, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 02-CV-3663 |
| BEST FOODS BAKING COMPANY F/k/a, d/b/a, and/or t/a Entenmann's Inc. | : |
| & | : |
| Nicholas DeVirgiliis, Individually & in His Official Capacity as Division Sales Manager for BEST FOODS BAKING COMPANY F/k/a, d/b/a, and/or t/a Entenmann's Inc. | : |
| Defendants. | : |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Best Foods Baking Company and Nicholas DeVirgiliis ("Defendants"), through their attorneys, hereby submit this Supplemental Memorandum Of Law In Support Of Defendants' Motion To Dismiss Plaintiff's Amended Complaint in order to bring to the Court's attention the recently decided case of Zdziech v. DaimlerChrysler Corp., No. 02-90, 2003 U.S. Dist. LEXIS 9425 (D. Del. June 6, 2003).

**I.   INTRODUCTION**

On June 4, 2003, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint and supporting Memorandum of Law in this matter. The court had, in an order dated April 23, 2003, granted plaintiff leave to attempt to establish the applicability of the

continuing violation theory to save his discrimination claims. In their Motion, Defendants argued that Plaintiff's claims under Title VII, Title I of the ADA, the Rehabilitation Act and the PHRA should be dismissed for failure to exhaust administrative remedies as Plaintiff failed to establish that a continuing violation had occurred. On June 6, the District Court for the District of Delaware decided Zdziech. Zdziech presented a factual scenario very similar to the one in this case, concluded that subsequent requests to work by the plaintiff did not create new acts of employment discrimination for purposes of calculating the 300-day time limit for filing a charge, and that no continuing violation occurred where a specific act of discrimination was identified.

## II.  ARGUMENT

In Zdziech, the plaintiff, Zdzeich, had worked for the defendant since 1989. Id. at *1-*2. He became disabled and attempted to return to work on October 27, 1998. He was instead placed on disability leave and he continued to make requests to return to work until May 1, 2000. Id. at *2. On May 12, 2000, over a year and a half after his employer put him on disability leave, Zdziech filed claims of discrimination with the EEOC and the Delaware Department of Labor. Id. After he had received a right to sue letter and filed a complaint, the defendant filed a Motion to Dismiss, arguing that Zdzeich's suit was time barred since he waited over eighteen months after the alleged discriminatory adverse employment action to file a charge with the EEOC. Id. at *3.

Zdzeich argued that his requests to return to work and his employer's refusal of those requests constituted discrete acts of employment discrimination. Id. at *5. Under

this theory, each discrete act is an act of employment discrimination and thus restarts the statutory 300-day clock.  Id.  The court firmly rejected this theory.

Zdzeich's complaint, the court stated, arose from the defendant's October 27, 1998 act of putting Zdzeich on disability leave.  Id. at *5.  If Zdzeich's theory was upheld, the court continued, then "every individual who alleges unlawful discrimination could restart the statutory time period in which to file an EEOC complaint merely by writing a letter to his or her former employer."  Id.  The court also held that these requests did not constitute continuing violations.  Id. at *6.  The continuing violation theory, it explained, is "by its very nature, peculiar to claims that are patterned and durational.  Where the continuing violation doctrine applies, the illegal practice complained of has materialized or become cognizable as such only over time."  Id. at *6-*7.  In contrast, the court said, Zdzeich's rights under the ADA fully ripened when his employer placed him on disability leave in October 1998.  Id. at *7.  Since the employer's act was a discrete discriminatory act rather than a series of violations which had to take place over time to become actionable, the continuing violation theory was not applicable and Zdzeich's action was dismissed by the court as time-barred.

In this case, by letter dated January 7, 2000, Defendants refused to hire a jumper as a reasonable accommodation for Plaintiff's disability.  However, Plaintiff did not file a charge until over a year and a half later in September 2001 despite the fact that, according to his Complaint, "Defendants, on numerous occasions, have granted disabled Caucasian Route Representatives non-driving jobs within their company."  (Am. Compl. ¶41.)  Plaintiff has attempted to establish a continuing violation in his Amended Complaint by making assertions of vague incidents "beginning with the end of 2000 until 2003" where

Defendants "did not inform plaintiff of the availability of any non-driving positions for which he could work safely with similar pay, despite this being the normal practice of both defendants."  (Am. Compl. at 52.)  Even if these allegations are true, Plaintiff cannot prevail since his cause of action ripened on January 7, 2000 and he failed to file a timely charge with the EEOC, instead waiting over a year and a half to do so.   The alleged act of discrimination in this case was a discrete discriminatory act rather than a series of violations which had to take place over time to become actionable.  The continuing violation theory is not applicable here, just as it was not applicable in Zdziech.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion To Dismiss Plaintiff's Amended Complaint and dismiss with prejudice all counts for failure to state a claim upon which relief can be granted.

Respectfully submitted,

_____
EDWARD S. MAZUREK (PA I.D. No. 50278)
JOANNE M. WRIGHT (PA I.D. No. 89735)
1701 Market Street
Philadelphia, PA  19103
(215) 963-5019
Attorneys for Defendants Best Foods Baking Co. and Nicholas DeVirgiliis

Of Counsel:
MORGAN, LEWIS & BOCKIUS, LLP

Dated:  June 16, 2003

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint was served this 16th day of June 2003 by hand delivery upon:

D. Louis Nicholson, Esquire
1822 Spring Garden Street
Philadelphia, PA  19130

_____
JOANNE M. WRIGHT