IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ONEIL ALLEN, | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BEST FOODS BAKING CO., et al. | : | NO. 02-CV-3663 |

### MEMORANDUM

**Baylson, J.**                                                          October 22, 2003

Oneil Allen (herein "Plaintiff") filed an EEOC Charge against Best Foods Baking Company and Nicholas DeVirgiliis ("Defendants") on September 18, 2001 and his initial Complaint in this action on June 7, 2002 seeking recovery for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, 43 PA. STAT. ANN. § 951 *et seq.* ("PHRA"); for discrimination based on disability in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"), and the PHRA; and for intentional infliction of emotional distress. Defendants subsequently filed their first Motion to Dismiss.

On April 23, 2003, this Court granted Defendants' Motion to Dismiss, but with leave to file an Amended Complaint to establish (1) the applicability of the continuing violation theory to the issue of the timeliness of Plaintiff's charges under Title I of the ADA, Title VII, the PHRA, and the Rehabilitation Act against Defendant Best Foods only, (2) an aiding and abetting claim under §5(e) of the PHRA against Defendant DeVirgiliis only, and (3) the applicability of the personal animus exception to the intentional infliction of emotional distress claims against both

Defendants. Plaintiff filed his Amended Complaint on May 14, 2003. Now before the Court is Defendants' Motion to Dismiss the Amended Complaint, filed on June 4, 2003. For the reasons set forth below, the Court will grant the motion in part and deny the motion in part.

Two of the issues for which Plaintiff was given leave to amend may be immediately resolved. First, Plaintiff does not allege in his Amended Complaint that Defendant DeVirgiliis aided and abetted discrimination in violation of §5(e) of the PHRA, thus that claim need not be considered by this Court. Second, Plaintiff concedes in his Answer to Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Plaintiff's Answer") that he has not alleged any facts that could fulfill the personal animus exception of the Pennsylvania Workers' Compensation Act, as laid out in 77 Pa. Stat. Ann. §411(1). Plaintiff's Answer at 6, n.1. Thus, Plaintiff's intentional infliction of emotional distress claims against both Defendants will be dismissed with prejudice. With the resolution of these two issues, there are no longer any claims pending against Defendant DeVirgiliis and he will be dismissed as a party to this action.

The remaining issue for the Court to consider is the timeliness of Plaintiff's complaint against Defendant Best Foods under Title VII, Title I of the ADA, the PHRA, and the Rehabilitation Act.

I.   **Factual and Procedural Background**

In 1997, Plaintiff was diagnosed with multiple sclerosis and in that same year Defendant Best Foods hired Plaintiff to work as a Route Sales Representative. Amended Complaint ¶ 16 Defendant DeVirgiliis was a Division Sales Manager with supervisory authority over Plaintiff. Id. ¶ 12. Plaintiff alleges that his position required driving in excess of the four to six hours a day listed in the position's description. Id. ¶¶ 22-4. Plaintiff further alleges that although he was

and still is able to drive four to six hours per day, he cannot drive in excess of six hours per day due to his multiple sclerosis.  Id. ¶ 24.

Plaintiff claims that he and his doctor informed Defendants of his disability and symptoms.  Id. ¶ 28.  Plaintiff admits that, due to his multiple sclerosis, he caused multiple motor vehicle accidents in his company vehicle.   Id. ¶ 27.  Plaintiff alleges that, in October of 1999, he bid on and was awarded a non-driving, Rack Loader position with Defendant Best Foods, the duties of which he could have easily performed.  Id. ¶¶ 29-31.  Plaintiff further alleges that Defendants subsequently withdrew the Rack Loader position from Plaintiff and gave it to a caucasian employee with less seniority.  Id. ¶ 30.

On November 8, 1999, Defendants placed Plaintiff on short-term disability due to his multiple sclerosis.  Id. ¶ 33. On or about November 15, 1999, Defendant DeVirgiliis sent a letter to Plaintiff requesting suggestions as to how Defendant Best Foods could reasonably accommodate him.  Id. ¶ 34.  Plaintiff responded by requesting that Defendant Best Foods provide him with a "jumper", which is a Route Sales Representative who is not assigned a specific route, to do some of the driving for Plaintiff.  Id. ¶¶ 35-6.  Plaintiff claims that on numerous occasions Defendants have provided jumpers to assist disabled Caucasian Route Sales Representatives.  Id. ¶ 37.  Plaintiff claims that Defendants have granted, on numerous occasions, disabled Caucasian Route Representatives non-driving jobs, but have never allowed similarly situated non-Caucasian drivers with disabilities the opportunity to work non-driving jobs as an accommodation for a disability.  Id. ¶¶ 41-2.  Plaintiff alleges that, by letter dated January 7, 2000, Defendants refused to provide Plaintiff with a jumper as a reasonable accommodation for his disability, even though it would not have been an undue hardship.  Id. ¶¶ 39-40.

Plaintiff further alleges that Defendant sent a letter to Plaintiff dated December 15, 2000 requesting a medical update. Id. ¶ 58. By letter dated January 4, 2001, Plaintiff's doctor advised Defendants of Plaintiff's continued condition and recommended that Plaintiff be considered for a non-driving position. Id. ¶¶ 59-60. Plaintiff alleges that Defendant never responded to that letter. Id. ¶ 61. Plaintiff's short-term disability expired on May 18, 2000 and he has not received any compensation or benefits from any source since then. Id. ¶ 62.

Plaintiff alleges that he applied for supervisory and/or non-driving positions and was denied them solely because of his race and/or disability in the fall of 1998, early 1999, and summer of 1999. Id. ¶¶ 43-8. Plaintiff alleges that he was more qualified than the individuals who received these positions. Id. ¶¶ 49-50. Plaintiff also alleges that in late 2001 and 2002 Defendants failed to make available to him positions for which he was qualified that would have accommodated his disability. Id. ¶ 52-6. Finally, Plaintiff alleges that, prior to 1997, Defendants have systematically discriminated against minorities and persons with disabilities and Plaintiff has been a victim of steadily continuing racial and disability discrimination since 1997. Id. ¶ 63.

## II. Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d

Cir. 1988).

**III.     Discussion**

**A.      The Continuing Violation Theory**

The initial issue for this Court to resolve is whether Plaintiff has pleaded sufficient facts for the continuing violation theory to apply to the timeliness of his EEOC complaint.  As discussed in this Court's Memorandum of April 23, 2003, this Court can only consider Plaintiff's claims against Defendant Best Foods under Title VII, the PHRA, Title I of the ADA, and the Rehabilitation Act if he has exhausted his administrative remedies by filing a timely charge with the EEOC.  Spence v. Straw, 54 F.3d 196, 201 (3d Cir. 1996).  For Plaintiff's claims under Title VII, the ADA, and the Rehabilitation Act to be timely, he must have filed his claim of discrimination with the EEOC within 300 days of the date of the alleged unlawful employment practice.  Seredinski v. Clifton Precision Prods. Co., 776 F.2d 56, 61 (3d Cir. 1985).  For Plaintiff's claim under the PHRA to be timely, Plaintiff must have filed an administrative complaint with the PHRC or EEOC within 180 days of the date of the alleged act of discrimination.  43 Pa. Cons. Stat. § 959(h); Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997).  As discussed above, several of the discriminatory acts alleged by Plaintiff occurred prior to the 300 day filing period preceding his September 18, 2001 EEOC Charge, so for these alleged acts to be considered by the Court, the continuing violation theory must apply.

The continuing violation theory allows a plaintiff to pursue a claim for discrimination for an act that occurred prior to the filing period if he can show that the discriminatory act is part of a continuing practice or pattern of discrimination.  Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001).  For the continuing violation theory to apply, Plaintiff must demonstrate that at least

one discriminatory act occurred within the filing period and he must establish that the discriminatory conduct is an ongoing pattern, rather than isolated or sporadic acts. West v. Phila. Elec. Co., 45 F.3d 744, 754-5 (3d Cir. 1995). In determining whether Plaintiff has shown an ongoing pattern of discrimination, this Court must consider: (1) whether the violations constitute the same type of discrimination; (2) the frequency of the alleged discriminatory acts; and (3) the degree of permanence, i.e., whether the nature of any of the violations should have triggered the employee's awareness of the need to assert his rights and whether the consequences of the act, such as being fired or being denied a promotion, would continue even in the absence of a continuing intent to discriminate. Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 481-2 (3d Cir. 1997). If Plaintiff meets these requirements, then he can recover for all of the discriminatory acts that constitute the continuing violation, regardless of whether they fall within the 300 day filing period. Id. at 481.

Defendants, in their Motion to Dismiss the Amended Complaint, argue that Plaintiff is barred from pleading a continuing violation theory because he did not plead this theory in his EEOC Charge. Although the Third Circuit has not directly addressed this issue, district courts have found that, while a Plaintiff must plead a continuing violation theory in the administrative charge, courts can look at the substance of the allegations rather than the specific language of the charge to determine whether the theory was raised. Phillips v. Heydt, 197 F. Supp.2d 207, 217-8 (E.D. Pa. 2002), Williams v. Home Depot, 1999 U.S. Dist. LEXIS 15250, at *16-17 (E.D. Pa. 1999). To the extent that Plaintiff is now arguing that the alleged discriminatory acts by Defendants were part of a continuing violation, the underlying facts were presented in the EEOC Charge. The EEOC Charge lists "10/1/99-1/4/01" as the period covered by the Charge, and the

narrative description of the discriminatory acts in the EEOC Charge lists three incidents occurring in 1999, 2000, and 2001.[1]  Thus, Plaintiff's EEOC Charge raised the facts on which he is now relying to argue for the application of a continuing violation theory and this Court can consider whether the theory applies.  See Phillips at 218.

To use the continuing violation theory, Plaintiff must plead that one discriminatory act occurred within the 180 or 300 days prior to his EEOC filing on September 18, 2001.  Plaintiff alleges that in December of 2000, Defendant DeVirgiliis requested an update of Plaintiff's medical status and in January of 2001, Plaintiff's doctor sent a letter updating Plaintiff's medical status and recommending that Plaintiff be considered for a non-driving position.  Amended Complaint ¶¶ 58-60.  Plaintiff further alleges that Defendants failed to respond to this letter.  This alleged failure of Defendants to accommodate Plaintiff's disability is sufficient to establish that one discriminatory act occurred within the 300 day filing period.  Plaintiff does not, however, make any allegations of discriminatory acts that occurred within the 180 day filing period for the purposes of his claim under the PHRA.  Therefore, the continuing violation theory cannot apply to the PHRA claim and Plaintiff's claim against Defendant Best Foods under the PHRA will be dismissed with prejudice.

Having met the first prong of the continuing violation test for his claims under Title VII, Title I of the ADA, and the Rehabilitation Act, Plaintiff must allege that the discrimination he experienced was part of an ongoing pattern rather than isolated acts.  To determine this issue, the

---

[1] To decide a motion to dismiss, courts can consider the allegations contained in the complaint, exhibits attached to the complaint and matters of public record, including government agency records. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  Thus, the EEOC Charge is properly considered by this Court in deciding this Motion to Dismiss.

Court must consider the type of discrimination alleged, the frequency of the discriminatory acts alleged, and whether any of the alleged discriminatory acts should have triggered Plaintiff's awareness of the need to assert his rights. Rush at 481-2.

This Court has already determined that Plaintiff has sufficiently pleaded the same type of discrimination. April 23, 2003 Memorandum, at 9. As to the frequency and permanence of the discriminatory acts, courts have drawn a clear line between acts that constitute a continuing violation and acts that are a series of discriminatory acts. The Third Circuit has found that acts that do not evidence a discriminatory policy, such as a letter from plaintiff employee to defendant employer that went unanswered, do not demonstrate a continuing violation. Shenkan v. Potter, 2003 U.S. App. LEXIS 13986 (3d Cir. 2003). The court in Shenkan also found that two instances of a failure to hire plaintiff are separately actionable, and thus not a continuing violation. Id. at *6-7. The Third Circuit has also found that the failure to promote and train was not a continuing violation because the promotion of another employee over plaintiff was an individual act that put plaintiff on notice to assert her rights. Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 483 (3d Cir. 1997). Courts have also found that failure to promote is not a continuing violation, Kovoor v. School Dist. of Phila., 211 F. Supp. 2d 614, 622 (E.D. Pa. 2002), that subjecting plaintiff to mandatory retirement is not a continuing violation despite its effects in the present, Courtney v. LaSalle Univ., 124 F.3d 499, 505-6 (3d Cir. 1997), and that placing an employee on disability leave and failing to make subsequent efforts to accommodate that employee is not a continuing violation, Zdziech v. DaimlerChrysler Corp., 2003 U.S. Dist. LEXIS 9425 (D.Del. 2003). In contrast, cases where courts have found the continuing violation theory applicable include hostile work environment claims, Natl R.R. Passenger Corp. v.

Morgan, 536 U.S. 101, 115-6 (2002), West v. Phila. Elec. Co., 45 F.3d 744, 754-5 (3d Cir. 1995), disparate pay claims, Cardenas v. Massey, 269 F.3d 251, 256-7 (3d Cir. 2001), and a case where the employer failed to enforce a non-smoking policy, Malone v. Specialty Products & Insulation, 85 F. Supp. 2d 503, 505-6 (E.D. Pa. 2000).

In their briefs, both parties address the recent decision in Zdziech v. DaimlerChrysler Corp., 2003 U.S. Dist. LEXIS 9425 (D.Del. 2003). Plaintiff argues that, because no discriminatory act occurred within the filing period in Zdziech, the case is not applicable here. Defendants argue that Zdziech involved the same factual allegations of discrimination and, thus, demonstrates that the continuing violation theory does not apply in the case before this Court. The facts in Zdziech are similar to those in the instant case: the plaintiff became disabled and attempted to return to work, but was instead placed on disability leave. Id. at *2. The plaintiff made requests to return to work, which he alleges were refused by his employer because of discrimination based on disability, and ultimately filed EEOC charges eighteen months after he was placed on disability leave. Id. The court in Zdziech found that the continuing violation theory did not apply because the theory is "peculiar to claims that are patterned and durational" and here the alleged discrimination was a "discrete discriminatory act rather than a series of violations which had to take place over time to become actionable." Id. at *6-7. The distinction between the instant case and Zdziech raised by Plaintiff, namely that the plaintiff in Zdziech did not make any allegations within the filing period, while Plaintiff in this case has made such allegations, does not distinguish between the two cases as to the application of the continuing violation theory. The court in Zdziech made the same distinction as Shenkan and Rush, between claims of discrimination alleging discrete acts, to which the continuing violation theory does not

apply, and claims of discrimination alleging a practice that has become cognizable over time, to which the theory does apply.

Here, Plaintiff alleges multiple instances where the Defendant failed to hire Plaintiff for a different position that would accommodate his disability.  Each instance of Defendant's failure to hire or make a position known to Plaintiff was a discrete act and placed Plaintiff on notice to assert his rights, just as the failure to promote put the plaintiff in Rush on notice and the failure to hire put the plaintiff in Shenkan on notice.  Thus, the continuing violation theory is not applicable in the instant case.

**B.    Plaintiff's Complaint Is Nonetheless Timely Because it Alleges Some Discriminatory Acts Within the 300 Day Filing Period.**

Since the continuing violation theory does not apply to the instant case, this Court may not consider the alleged discriminatory acts that took place before the 300 day filing period as actionable claims for the purposes of the Motion to Dismiss.  Rush at 484-5.  As discussed above, Plaintiff alleges one series of events that occurred during the filing period: Defendant DeVirgiliis's request for a medical update in December 2000, Plaintiff's doctor's letter suggesting accommodation in January 2001, and Defendant's subsequent failure to respond.  In addition, in his Amended Complaint, Plaintiff alleges two specific instances after the filing of the EEOC Charge when Plaintiff was aware of specific positions that would have accommodated his disability that were not made available to him and were awarded to other employees.  The first of these allegations occurred at the end of 2001 (Amended Complaint ¶¶ 53-4) and the second in 2002 (Id. ¶¶ 55-6).

Contrary to Defendants' assertion (Defendant's Motion to Dismiss Plaintiff's Amended

Complaint, at 7), it is appropriate for this Court to consider the allegations that occurred subsequent to the filing of the EEOC Charge. The "parameters of a civil action in the District Court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the Commission." Anjelino v. New York Times Co., 200 F.3d 73, 94 (3d Cir. 1999) citing Oubichon v. North Am. Rockwell Corp., 482 F.2d 569 (9th Cir. 1973). See also Nerosa v. Storecast Merch. Corp., 2002 U.S. Dist. LEXIS 16210, 11-12 (E.D. Pa. 2002). In the instant case, Plaintiff alleges that Defendants continued to fail to make positions for which he was qualified and that would accommodate his disability available to him, and awarded those positions to less qualified white employees. As these allegations are simply additional examples of the discrimination alleged in the EEOC Charge, they are properly considered by this Court. To resolve whether Plaintiff's claims survive the Motion to Dismiss, this Court must determine whether Plaintiff has sufficiently alleged a claim for employment discrimination based on race under Title VII and for employment discrimination based on disability under Title I of the ADA and the Rehabilitation Act.

As to the claim under Title VII, Plaintiff must plead that "(1) [he] is a member of the protected class, (2) [he is] qualified for the position [he] sought, and (3) nonmembers of the protected class were treated more favorably." Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-319 (3d Cir. 2000) citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). Plaintiff pleads that he is an African-American and that in incidents in 2000, 2001, and 2002, available non-driving and supervisory positions were not made available to him, despite his qualifications and the fact that these positions would

reasonably accommodate his disability. Plaintiff alleges that these positions were awarded to less qualified caucasian employees and that disabled caucasian employees were provided reasonable accommodations, while he was not. Accepting these facts as true and in the light most favorable to Plaintiff, as we must in considering a Motion to Dismiss, Plaintiff has presented sufficient facts to survive a Motion to Dismiss his claim under Title VII. Thus, Defendant Best Foods Motion to Dismiss Plaintiff's claim under Title VII will be denied.

Plaintiff's claims under Title I of the ADA and the Rehabilitation Act also withstand the Motion to Dismiss the Amended Complaint.[2] To survive a Motion to Dismiss, Plaintiff must allege facts showing "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998). Plaintiff's complaint states that he suffers from Multiple Sclerosis, a disease that impairs his major life activities, including driving, and thus is a qualified individual with a disability under the ADA. See Deane v. Pocono Med. Center, 142 F.3d 138, 142 (3d Cir. 1998). Plaintiff states that he is able to perform all of the essential functions of his job. Plaintiff also alleges that Defendant failed to make reasonable accommodations for his disability by making a non-driving position available to him. Plaintiff points specifically to the correspondence between his doctor

---

[2] The Rehabilitation Act provides that "the standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under Title I of the Americans with Disabilities Act of 1990." 29 U.S.C. § 794(d); see Donahue v. CONRAIL, 224 F.3d 226, 229 n.2 (3d Cir. 2000). Thus, the foregoing analysis of Plaintiff's claims under ADA standards disposes of the claims under both statutes. See O'Brien v. City of Hackensack, 2003 U.S. App. LEXIS 12434 (3d Cir. 2003).

and Defendant DeVirgiliis in late 2000 and early 2001, as well as the failure to make positions available in 2001 and 2002, all discussed above. Accepting these facts and the inferences that flow from them as true, Plaintiff has alleged sufficient facts under the Title I of the ADA and the Rehabilitation Act to survive the Motion to Dismiss.

**IV.     Conclusion**

For the reasons set forth above, the Court will grant in part and deny in part Defendants' Motion to Dismiss the Amended Complaint. The Court will:

1. Grant the Motion to Dismiss Plaintiff's claims under the PHRA against Defendant Best Foods with prejudice;

2. Grant the Motion to Dismiss Plaintiff's claims for intentional infliction of emotional distress against both Defendants with prejudice, which will terminate Defendant DeVirgiliis as a party; and

3. Deny the Motion to Dismiss Plaintiff's claims under Title VII, Title I of the ADA, and the Rehabilitation Act against Defendant Best Foods.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ONEIL ALLEN, | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BEST FOODS BAKING CO., et al. | : | NO. 02-CV-3663 |

## ORDER

AND NOW, this       day of            , 2003, upon consideration of Defendants' Motion to Dismiss it is hereby ORDERED that Defendants' Motion to Dismiss the Amended Complaint (Doc. No. 11) is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' Motion to Dismiss Plaintiff's claim under the PHRA against Defendant Best Foods is GRANTED WITH PREJUDICE;

2. Defendants' Motion to Dismiss Plaintiff's claims for intentional infliction of emotional distress against Defendants DeVirgiliis and Best Foods is GRANTED WITH PREJUDICE, which will terminate Defendant DeVirgiliis as a party;

3. Defendants' Motion to Dismiss Plaintiff's claims under Title VII, Title I of the ADA, and the Rehabilitation Act against Defendant Best Foods is DENIED.

BY THE COURT:

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL\02-3663 Allen v. Best Foods Baking Co\Allen MTD order.wpd