IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ONEIL ALLEN, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 02-CV-3663 |
| v. : | |
| : | |
| BEST FOODS BAKING COMPANY : | |
| F/k/a, d/b/a, and/or t/a : | |
| Entenmann's Inc. : | |
| : | |
| & : | |
| : | |
| Nicholas DeVirgiliis, Individually : | |
| & in His Official Capacity as : | |
| Division Sales Manager for : | |
| BEST FOODS BAKING COMPANY : | |
| F/k/a, d/b/a, and/or t/a : | |
| Entenmann's Inc. : | |
| : | |
| Defendants. : | |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

Defendant Entemann's Sales Company, Inc., incorrectly denominated in the Amended Complaint as Best Foods Baking Company, hereby answers Plaintiff's Amended Complaint in accordance with the enumerated paragraphs thereof as follows.

1.  The allegations in this paragraph purport to state conclusions of law to which no response or pleading is required. To the extent an answer is required, the allegations are denied.

2.  The allegations in this paragraph purport to state conclusions of law to which no response or pleading is required. To the extent an answer is required, the allegations are denied.

3. The allegations in this paragraph purport to state conclusions of law to which no response or pleading is required. To the extent an answer is required, the allegations are denied.

4. The allegations in this paragraph purport to state conclusions of law to which no response or pleading is required. To the extent an answer is required, the allegations are denied.

5. The allegations in this paragraph purport to state conclusions of law to which no response or pleading is required. To the extent an answer is required, the allegations are denied.

6. Denied.

7. Denied.

8. The allegations in this paragraph purport to state conclusions of law to which no response or pleading is required.

9. Admitted.

10. Denied.

11. Admitted.

12. It is denied that Nicholas DeVirgiliis is a defendant in this action. The remaining allegations are admitted.

13. Mr. DeVirgiliis is no longer a party to this action.

14. The allegations in this paragraph purport to state conclusions of law to which no response or pleading is required.

15. Defendant incorporates its responses to paragraphs 1 through 14 as if fully set forth herein.

16. It is admitted that Defendant has documents purporting to reflect Plaintiff was diagnosed with multiple sclerosis in around 1997. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16. Accordingly, they are denied.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. Accordingly, they are denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Accordingly, they are denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Accordingly, they are denied.

20. Admitted.

21. It is admitted that Defendant has documents purporting to reflect that Plaintiff was diagnosed with multiple sclerosis after he was hired by Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Accordingly, they are denied.

22. The allegations in Paragraph 22 purport to characterize a written document which speaks for itself. Accordingly, the allegations in this paragraph are denied to the extent they are in any way inconsistent with the written document they purport to characterize.

23. Admitted.

24. It is admitted that Plaintiff stated to Defendant that Plaintiff was not able to drive a company vehicle in excess of six hours a day because of his multiple

sclerosis. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Accordingly, they are denied.

       25.     Denied.

       26.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph. Accordingly, they are denied.

       27.     It is admitted that Plaintiff caused a number of motor vehicle accidents while driving a company vehicle while on duty. The remaining allegations are denied.

       28.     It is admitted that Plaintiff and his physician informed Defendant of Plaintiff's multiple sclerosis and of symptoms Plaintiff was allegedly experiencing. The remaining allegations in this paragraph purport to state a conclusion of law to which no responsive pleading is required.

       29.     It is admitted that Plaintiff bid on a rack loader position around October 1999 and that that position did not require driving. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

       30.     Denied.

       31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

       32.     Denied.

       33.     Denied.

       34.     It is admitted that on November 12, 1999, Mr. DeVirgiliis sent a letter to Plaintiff. That letter is a written document which speaks for itself. Accordingly,

Defendant denies Plaintiff's characterizations of that written document to the extent that they are in any way inconsistent with the document itself.

35. Admitted.

36. The first sentence of this paragraph is admitted and the second sentence is denied.

37. Denied.

38. Denied.

39. It is admitted that Mr. DeVirgiliis sent Plaintiff a letter dated January 7, 2000, which letter, as a written document, speaks for itself. The remaining allegations in this paragraph are denied.

40. Denied.

41. It is admitted that Defendant has provided disabled individuals of many races non-driving jobs. The remaining allegations are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph. Accordingly, it is denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. The allegations in this paragraph purport to characterize a written document which speaks for itself. Accordingly, the allegations are denied to the extent they are in any way inconsistent with the written document they purport to characterize.

59. The allegations in this paragraph purport to characterize a written document which speaks for itself. Accordingly, the allegations are denied to the extent they are in any way inconsistent with the written document they purport to characterize.

60. The allegations in this paragraph purport to characterize a written document which speaks for itself. Accordingly, the allegations are denied to the extent they are in any way inconsistent with the written document they purport to characterize.

61. Denied.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph. Accordingly, it is denied.

63. Denied.

64. Denied.

65. Defendant incorporates its responses to paragraphs 1 through 64 as if fully set forth herein.

66. Denied.

67. Denied.

68. Denied

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Defendant incorporates its responses to paragraphs 1 through 72 as if fully set forth herein.

74. The allegations in this paragraph purport to state conclusions of law to which no responsive pleading is required. Accordingly, the allegations are denied to the extent they are in any way inconsistent with the written document they purport to characterize.

75. The allegations in this paragraph purport to state conclusions of law to which no responsive pleading is required. Accordingly, the allegations are denied to the extent they are in any way inconsistent with the written document they purport to characterize.

76. The allegations in this paragraph purport to state conclusions of law to which no responsive pleading is required. Accordingly, the allegations are denied to the extent they are in any way inconsistent with the written document they purport to characterize.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. through 88. The remaining paragraphs in Count III of the Amended Complaint have been dismissed with prejudice.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief sought in his Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any actions taken by Defendant toward Plaintiff were for legitimate non-discriminatory business reasons.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he has failed to satisfy the statutory and jurisdictional requirements to filing suit, has failed timely to invoke and exhaust his administrative remedies and has failed timely to file a charge of discrimination with respect to his claims with the Equal Employment Opportunity Commission.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for monetary relief are barred to the extent he has mitigated or failed to mitigate his monetary losses.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's disability discrimination claims are barred because Defendant engaged

in good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodation that would have provided Plaintiff with an equally effective opportunity.

Respectfully submitted,

_____
EDWARD S. MAZUREK (PA I.D. No. 50278)
JOANNE M. WRIGHT (PA I.D. No. 89735)
1701 Market Street
Philadelphia, PA  19103
(215) 963-5019
Attorneys for Defendants Best Foods Baking Co.
and Nicholas DeVirgiliis

Of Counsel:
MORGAN, LEWIS & BOCKIUS, LLP

Dated:  December 1, 2003

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Defendant's Answer To Amended Complaint was served this 1st day of December 2003 by first class mail postage prepaid upon:

D. Louis Nicholson, Esquire
1822 Spring Garden Street
Philadelphia, PA  19130

                                                                           _____
                                                                         EDWARD S. MAZUREK